**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

ISAAC ROGERS,

              PLAINTIFF,

v.                                    CIVIL ACTION NO.: 3:21-cv-03712

DR. VAPE IT, LLC.

              DEFENDANT .

_____/

## COMPLAINT

Plaintiff, Isaac Rogers, (hereinafter referred to as the "Plaintiff" or "Rogers"), by and through his undersigned attorney, sues the defendant, Dr. Vape It, LLC., (hereinafter referred to as the "Defendant" or "DVI"), and alleges as follows:

### *JURISDICTION AND VENUE*

1.     Plaintiff brings this action to remedy discrimination on the basis of race, retaliation and hostile work environment in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.     This action lies in the Northern District of Florida, Pensacola Division,

pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

4.      All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202127718) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100178) on December 14, 2020. The FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on September 21, 2021.

## *PARTIES*

5.      Plaintiff is an African American male and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida.

*6.*      Defendant, Dr. Vape It. LLC. is a retail business that sells electronic cigarettes and accessories.  Defendant is licensed to do and doing business in the State of Florida.

## *FACTS*

7.      Plaintiff is an African American male.

8.      Plaintiff began his employment with Defendant on February 8, 2019.

2

9.     Plaintiff was employed by Defendant as an Assistant Store Manager/Store Manager.

10.     Plaintiff performed the duties and responsibilities of this position(s) in a more than satisfactory manner and without incident.

11.     Shortly after Plaintiff's hire, he began experiencing racism from coworkers and his supervisor, as Plaintiff was the only African American male employee.

12.     In April of 2019, Plaintiff applied for the Store Manager Positon at Defendant's Pine Forest location and after applying, he was informed that the position was given to a Caucasian individual that had minimal experience compared to Plaintiff.

13.     Plaintiff asked his immediate supervisor (Tristan) why he did not get the position and Tristan informed him that customers at the Pine Forest location would not feel comfortable with a black guy managing the store.

14.     During Plaintiff's employment with Defendant, Tristen routinely made racially discriminatory remarks to Plaintiff, including telling Plaintiff that he had to laugh as his racial comments and jokes so as to look and be cool with him (Tristen) and his co-workers.

15.     Tristen would make jokes using the words nigger, coon, blackie and make comments about black football players while watching a football game in the

store, yelling out run nigger, as he watched the player run for a touchdown.

16.     Plaintiff reported Tristan's comments and actions to Tim Greggo (Caucasian and Defendant's CEO) and complained that he was being discriminated against because of his race.

17.     After reporting the discrimination to Tim Greggo, the discrimination only became worse.

18.     Prior to the week of October 31, 2020, Plaintiff put in a request to use his PTO to attend the birth of his brother's first child.

19.     Plaintiff's supervisor, Tristan initially agreed to Plaintiff's PTO request. However, two days prior to Halloween, Tristan notified Plaintiff that he had to deny his PTO request.

20.     Tristen then told Plaintiff that he would grant Plaintiff's PTO request only if he dressed up in a Klu Klux Klan outfit and took pictures of himself wearing it in public.

21.     Believing that this was the only way to keep his job and get the time off to visit his family, Plaintiff did as Tristen directed him to do and dressed up in the KKK outfit.

22.     After being demeaned and humiliated, Tristen still refused to allow Plaintiff to take the requested PTO.

23.     Tristen did not required that any of the other Caucasian employees

perform such discriminatory demeaning and humiliating acts in order to take time off.

24.     Plaintiff again reported Tristen's behavior and actions to Tim Greggo, but no action was taken concerning Tristen's discriminatory behavior.

25.     At no time prior to his termination had Plaintiff been written up, counseled or reprimanded for the performance of his duties and responsibilities.

26.     On November 20, 2020, roughly one month after reporting the KKK incident involving Tristen to Tim Greggo, Defendant terminated Plaintiff's employment for performance reasons.

### FIRST CAUSE OF ACTION
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

27.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

28.     Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1981.

29.     Plaintiff is an African American male.

30.     Plaintiff was more than qualified for the position of an assistant and/or store manager and performed his duties and responsibilities in a more than satisfactory manner.

31.    Plaintiff's employment with Defendant was terminated on November 20, 2020.

32.    Plaintiff was consistently treated less favorably than his Caucasian co-workers.

33.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### (RACE RETALIATION 42 U.S.C. § 1981)

34.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

35.    Defendant retaliated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1981.

36.    Plaintiff is an African American male.

37.    Plaintiff reported to Defendant's CEO, Tim Greggo, that he was being discriminated against because of his race.

38.    On November 20, 2020, Defendant terminated Plaintiff's employment.

39.    Plaintiff's termination occurred only weeks after him having reported the racial discrimination to Defendant's CEO, Tim Greggo.

40.     Defendant's termination of Plaintiff's employment violated the 42 U.S.C. § 1981, by retaliating against Plaintiff because he engaged in a protected activity by objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

41.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
(HOSTILE WORK ENVIRONMENT - 42 U.S.C. § 1981)

42.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

43.     Plaintiff is an African American male.

44.     During Plaintiff's employment with Defendant, he was subjected to unwelcome harassment due to his race.

45.     Defendant allowed its employees to harassment Plaintiff because of his race by allowing them to use racially derogatory terms around, about and directed towards him, along with making him dress up in a KKK outfit in order to obtain time off.

46.     Defendant knew about these outrageous acts yet it allowed them continue which created a discriminatorily abusive working environment for Plaintiff.

47.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### FOURTH CAUSE OF ACTION
*(Race Discrimination-– Title VII)*

48.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

49.    Defendant is and employer and Plaintiff is an employee within the mean and terms and conditions of Title VII, as Defendant employs in excess of fifteen (15) employees.

50.    Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of Title VII.

51.    Plaintiff is an African American male.

52.    Plaintiff was more than qualified for the position of an assistant or store manager and performed his duties and responsibilities in a more than satisfactory manner.

53.    Plaintiff's employment with Defendant was terminated on November 20, 2020.

54.    Plaintiff was consistently treated less favorably than his Caucasian co-workers.

8

55.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### FIFTH CAUSE OF ACTION
(RACE RETALIATION - TITLE VII)

56.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

57.    Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of his employment on the basis of his race in violation of Title VII.

58. Plaintiff is an African American male.

59.    Plaintiff reported to Defendant's CEO, Tim Greggo, that he was being discriminated against because of his race.

60.    On November 20, 2020, Defendant terminated Plaintiff's employment.

61.    Plaintiff's termination occurred only weeks after him having reported the racial discrimination to Defendant's CEO, Tim Greggo.

62.    Defendant's termination of Plaintiff's employment violated Title VII, by retaliating against Plaintiff because he engaged in a protected activity by objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

63.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### SIXTH CAUSE OF ACTION
#### (HOSTILE WORK ENVIRONMENT - TITLE VII)

64.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

65.    Plaintiff is an African American male.

66.    During Plaintiff's employment with Defendant, he was subjected to unwelcome harassment due to his race.

67.    Defendant allowed its employees to harassment Plaintiff because of his race by allowing them to use racially derogatory terms around, about and directed towards him along with making him dress up in a KKK outfit in order to obtain time off.

68.    Defendant knew about these outrageous acts yet it allowed them continue which created a discriminatorily abusive working environment for Plaintiff.

69.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

10

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)      Declaring the acts and practices complained of herein are violation of Title VII and 42 U.S.C. § 1981;

b)      Enjoining and permanently restraining those violations of Title VII and 42 U.S.C. § 1981;

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of her and make his whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further equitable or other relief as the Court deems just and proper in the premises.

<u>*DEMAND FOR JURY TRIAL*</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury in this action.

Respectfully submitted,

Dated: December 3, 2021.          By: *<u>/s/ Clayton M. Connors</u>*
                                  CLAYTON M. CONNORS
                                  Florida Bar No.: 0095553
                                  Email: cmc@westconlaw.com
                                  **THE LAW OFFICES OF**
                                  **CLAYTON M. CONNORS, PLLC.**
                                  4400 Bayou Blvd., Suite 32A
                                  Pensacola, Florida 32503
                                  Tel:  (850) 473-0401
                                  Fax: (850) 473-1388

                                  Attorney for the Plaintiff